**Order filed April 28, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00473-CV
_____

### AVALON ADVISORS, LLC, Appellant

### V.

### CHARLES JUSTIN LUKE, Appellee

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-84191**

## ABATEMENT ORDER

This is an appeal from a summary-judgment order signed June 24, 2020 that purports to be a final judgment. There is no summary-judgment finality language in the order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("This judgment finally disposes of all parties and all claims and is appealable.").

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate

the appeal to permit clarification by the trial court. *See id.* Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

In this case, this court requested that the parties brief the jurisdictional issue of the finality of the summary-judgment order. While the parties each argued in supplemental briefing that the trial court's order is a final, appealable judgment because it actually disposed of all claims and parties then before the trial court, it is not clear to this court that the order disposed of all claims. *See Lehmann*, 39 S.W.3d at 192–93 (judgment issued without conventional trial is final for purposes of appeal if and only if either it (1) actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is final judgment as to all claims and all parties).[1]

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so the parties may clarify whether the summary judgment is final by seeking a further order or orders of the trial court, including, but not limited to, the finality language in *Lehmann*. A supplemental clerk's record containing any such order(s) shall be filed with the clerk of this court within **forty-five days**. If a party chooses to contest jurisdiction, the court requests any motion for dismissal be filed with the clerk of this court within ten days after (1) a supplemental clerk's record is filed, or (2) the deadline to file the supplemental clerk's record, if any, whichever occurs first. After examining the appellate record,

---

[1] Neither party argues the order states with unmistakable clarity that it is a final, appealable judgment as to all parties and all claims. *See Lehmann*, 39 S.W.3d at 192–93.

and on its own initiative after the time to file a supplemental clerk's record has expired, the court may dismiss the appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a). If no supplemental clerk's record is filed within the time prescribed by this order, the court, on is own initiative, may dismiss the appeal for want of prosecution or noncompliance with a court order. *See* Tex. R. App. P. 42.3(b), (c).

While this order outlines various procedural paths this appeal may take, this court expresses no opinion as to how the parties or the trial court ought to proceed while the case is abated. Responsibility for bringing cases to trial or final disposition rests with the trial court. *See* Tex. R. Jud. Admin. 6.1.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket without further order of the court when (1) the supplemental clerk's record is filed in this court, or (2) the deadline to file the supplemental clerk's record has passed, whichever occurs first. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.

---

[2] In the event this appeal is dismissed for want of jurisdiction, this court, mindful of the time and expense involved in filing an appeal and briefing it for submission, will consider a motion to file the record and briefs in this appeal in a new appeal and to set that appeal for submission if the parties agree that no additional briefing is required.